IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHARGES BRUCE THOMAS,** )
)
         **Plaintiff,** )
)
**vs.** )    **CIVIL NO. 10-424-GPM**
)
**KEN McELROY,** )
)
         **Defendant.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Charles Bruce Thomas, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sixty-year sentence for murder at the Pinckneyville Correctional Center, brings this action pro se for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept a plaintiff's factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009) (citing *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)).

In his complaint in this case Thomas alleges that in 1997 Defendant Ken McElroy, while working as a detective for the Police Department in Mt. Vernon, Illinois, used a perjured affidavit to procure a warrant to search Thomas's residence. In the ensuing search of Thomas's residence, drugs, specifically, so-called "crack" cocaine, and a pistol were found that subsequently formed the basis for an indictment of Thomas in this Court on charges of possessing crack cocaine with intent to distribute it and unlawful possession of a firearm by a felon. In 1999 Thomas was convicted in this Court of possessing crack cocaine with intent to distribute it and sentenced to 300 months' imprisonment. The Court can judicially notice both its own docket and information on the official website of the IDOC. *See Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from the official website of the Federal Deposit Insurance Corporation); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284

(7th Cir. 1994) (a court can judicially notice documents filed in a lawsuit, which are public records); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) ("The Court may of course judicially notice public records and government documents, including those available from reliable sources on the Internet.") (collecting cases); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 n.1 (S.D. Ill. 2006) (judicially noticing a related case on the Court's docket). It appears from the docket of *United States v. Thomas*, Criminal No. 98-40004-JPG (S.D. Ill. filed Jan. 7, 1998), that Thomas's federal sentence was ordered to run consecutive to the sentence that Thomas currently is serving in IDOC custody. According to information from the IDOC's official website, Thomas will not begin to serve his federal sentence until 2030, when his state sentence is discharged.

An action under 42 U.S.C. § 1983 provides a remedy for violations of a person's constitutional rights by persons acting under color of state law. *See* 42 U.S.C. § 1983; *Greco v. Guss*, 775 F.2d 161, 164 (7th Cir. 1985). Thomas's allegations of a wrongful search and arrest by McElroy, a state policeman, implicate Thomas's rights under the Fourth Amendment and thus are cognizable in a suit under Section 1983. *See* U.S. Const. amend IV; *Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010). However, Thomas's suit is not timely. Claims under Section 1983 that arise in Illinois are governed by a two-year statute of limitations. *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *3 (S.D. Ill. Feb. 5, 2007). Accrual of Section 1983 claims is governed by federal law. *See Wallace v. City of Chicago*, 440 F.3d 421, 424 (7th Cir. 2006); *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 596 (7th Cir. 2001). In general, Section 1983 claims accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006) (quoting *Wilson v. Giesen*, 956 F.2d 738, 740

(7th Cir. 1992)) (internal citation omitted).  *See also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002) (as a rule, a statute of limitations "begins to run once a plaintiff has knowledge which would lead a reasonable person to investigate the possibility that her legal rights had been infringed").  The United States Court of Appeals for the Seventh Circuit has held that claims under Section 1983 for improper arrests or searches accrue at the time of the challenged arrest or search.  *See Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995).

Thomas's own filings in this Court show that he was on notice of the alleged misconduct by McElroy that is at issue in this case not later than February 2008 and most likely far earlier than that, more than two years before this action was filed.  A petition under 28 U.S.C. § 2241, dated February 15, 2008, that Thomas filed in this Court on February 25, 2008, contains specific allegations that the affidavit given by McElroy in 1997 to obtain a warrant to search Thomas's residence contained "intentionally false material statements and displayed a reckless disregard for the truth."  *Thomas v. Hulick*, Civil No. 08-129-MJR (S.D. Ill. filed Feb. 25, 2008), Doc. 2 at 17.[1]  The Section 2241 petition is accompanied by an affidavit that Thomas filed in 2002 in this Court as part of an action by Thomas under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence stating that "[t]he detective [McElroy] used false statements in his affidavit to obtain a search warrant to be executed on my residence."  *Hulick*, Doc. 2-1 at 41.  *See also Thomas v.*

---

1.  A copy of Thomas's petition under 28 U.S.C. § 2241 and its supporting documents is attached to this Order as an appendix thereto.  The page numbers from the Section 2241 petition and its supporting documents that are cited by the Court in this Order are the page numbers assigned to the petition and its supporting documents by the Court's CM/ECF system and that appear as part of the header of each page of the petition and its supporting documents, rather than the page numbers that appear at the foot of each page of the petition and its supporting documents.

*United States*, Civil No. 00-4304-JPG (S.D. Ill. filed Dec. 6, 2000), Doc. 17 (Affidavit of Charles Bruce Thomas, filed Mar. 27, 2002). Finally, Thomas's Section 2241 petition is accompanied by a copy of the supposedly false affidavit McElroy submitted in support of his application for a search warrant, signed by McElroy. *See Hulick*, Doc. 2-1 at 62-64. As should be clear from the contents of the petition and its supporting documents, Thomas was on notice of all of the elements of his claim against McElroy under 42 U.S.C. § 1983 not later than February 15, 2008. Therefore, this action, filed June 9, 2010, is untimely.[2]

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Thomas's complaint in this case is barred by the statute of limitations and therefore fails to state a claim on which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Thomas is advised that the dismissal of this case will count as one of this three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: December 8, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. The Court notes that in some instances post-conviction proceedings can have a preclusive effect on a subsequent civil rights suit. *See Preiser v. Rodriguez*, 411 U.S. 475, 497 (1973); *Sanders v. United States*, 373 U.S. 1, 15-17 (1963); *Warren v. McCall*, 709 F.2d 1183, 1185 (7th Cir. 1983). The Court is not concerned with the preclusive effect of any of Thomas's many post-conviction challenges to his state and federal sentences on his claim in this case and instead cites Thomas's petition under 28 U.S.C. § 2241 merely to show that Thomas was on notice of his claim in this case in February 2008 and failed to bring suit on the claim within two years of that date, as is required, the Court has explained in detail above, with respect to claims under 42 U.S.C. § 1983 that arise in Illinois.