IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| C H A R L E S   B R U C E   T H O M A S , ) | |
| IDOC # K89065, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-424-GPM |
| ) | |
| KEN McELROY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the "Objection to the Report and Recommendation of Magistrate Judge G. Patrick Murphy in the Instant Cause" brought by Plaintiff Charles Bruce Thomas (Doc. 7). Thomas, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of sixty years' imprisonment at the Pinckneyville Correctional Center ("Pinckneyville") for murder, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by a person acting under color of state law. In his complaint in this case Thomas alleges that in 1997 Defendant Ken McElroy, then a detective working for the police department of Mt. Vernon, Illinois, used a perjured affidavit to procure a warrant to search Thomas's residence. In the ensuing search of Thomas's residence, drugs, specifically, so-called "crack" cocaine, and a pistol were found that subsequently formed the basis for an indictment of Thomas in this Court on charges of possessing crack cocaine with intent to distribute it and unlawful possession of a firearm by a felon. In 1999 Thomas was convicted in this Court of possessing crack cocaine with intent to distribute it and sentenced to 300 months'

imprisonment, with Thomas's federal sentence to run consecutive to the sentence Thomas currently

is serving in state prison. By order entered December 8, 2010, the Court dismissed this case pursuant

to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. *See Thomas v.*

*McElroy*, Civil No. 10-424-GPM, 2010 WL 5089824, at **2-3 (S.D. Ill. Dec. 8, 2010). The Court

found that it was clear from a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed

by Thomas in this Court in February 2008 that Thomas knew of the alleged deprivation of his

constitutional rights by McElroy that forms the basis of this case as of the date the habeas corpus

petition was filed (and, most likely, considerably earlier than February 2008). *See id*. at *2.

Thus, the Court ruled that this case, filed June 9, 2010, was untimely under the two-year statute of

limitations applicable to Thomas's Section 1983 claim against McElroy. *See id*.

On December 8, 2010, shortly after entry of the order dismissing this case, the Court entered

judgment in this case. Copies of the dismissal order and the Court's judgment thereon were

mailed to Thomas by the Clerk of Court, about which the Court will have somewhat more to

say presently.

Thomas now has moved for reconsideration of the Court's order dismissing this case.

Although Thomas's motion for reconsideration is framed as an objection to a report and

recommendation of a United States Magistrate Judge, this is incorrect. This case was never referred

to a magistrate for a report and recommendation, and instead, as discussed, the undersigned

United States District Judge dismissed this case after screening Thomas's complaint pursuant to 28

U.S.C. § 1915A. Therefore, the Court construes Thomas's purported "objection" to a magistrate's

report and recommendation as either a motion to alter or amend a judgment brought pursuant to

Rule 59 of the Federal Rules of Civil Procedure or a motion for relief from a judgment or order

brought pursuant to Rule 60 of the Federal Rules of Civil Procedure. Whether a motion should be deemed to be brought under Rule 59 or Rule 60 "depends on the *substance* of the motion, not on the timing or label affixed to it." *Carr v. Tillery*, No. 07-314-DRH, 2010 WL 2132195, at *2 (S.D. Ill. May 17, 2010) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008)) (emphasis in original). Correspondingly, a motion ordinarily is deemed to be brought under Rule 59, rather than Rule 60, "if it encompasses reconsideration of matters decided on the merits, such as a manifest error of law or fact." *Id*. (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)). In this instance Thomas alleges a manifest error of law or fact by the Court in dismissing this case, and therefore the Court deems Thomas's request for reconsideration of the Court's dismissal order to be brought pursuant to Rule 59.

The problem of characterizing Thomas's motion as being brought under either Rule 59 or Rule 60 is complicated somewhat by an error by the Clerk of Court in delivering to Thomas the Court's order and judgment entered December 8, 2010. Rule 59 provides, in relevant part, that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). To be timely under Rule 6 of the Federal Rules of Civil Procedure, a Rule 59 motion in this case should have been filed no later than January 5, 2011. However, Thomas's motion was not filed until January 12, 2011. It appears that the delay likely was occasioned, at least in part, by the fact that the Clerk of Court mistakenly sent the Court's dismissal order and judgment in this case not to Thomas but to Frank Taylor, a prisoner in IDOC custody who currently is confined at the Menard Correctional Center ("Menard"). *See* Doc. 7 at 7. It further appears that Taylor called the Clerk of Court's error to the attention of prison officials on December 10, 2010, but apparently the order and judgment in this case were not delivered to Thomas

until January 8, 2011. *See id*. at 8, 9. According to Thomas, upon receipt of the order and judgment, he mailed his motion challenging the order and judgment to the Court the same day. *See id*. at 2 ¶ 7, 4, 5. It seems odd to the Court that, while it took only two days for the Court's order and judgment in this case to be delivered to Taylor at Menard, it took approximately twenty-nine days for the order and judgment to be re-routed from Menard to Pinckneyville. It also strikes the Court as somewhat unlikely that Thomas, immediately upon receipt of the Court's order and judgment on January 8, 2011, was able to prepare and mail the motion currently before the Court in the space of one day. Nonetheless, Thomas has carefully documented his claimed chronology of events with respect to the error in the delivery of the Court's order of dismissal and judgment in this case, and the Court has no reason to disbelieve Thomas.

It is well settled, of course, that under the so-called "mailbox rule," a prisoner's legal papers, including a Rule 59 motion to alter or amend a judgment, are deemed to be filed in a case upon delivery of the papers to prison officials for mailing. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). The policy underlying the mailbox rule is to ameliorate the "institutional constraints [that] prevent prisoners from monitoring the delivery of a [court document] after it has been entrusted to the prison authorities[.]" *Id*. After all, "the '*pro se* prisoner . . . cannot personally travel to the courthouse to see that the [document] is stamped 'filed' or to establish the date on which the court received the [document]." *Id*. (quoting *Houston v. Lack*, 487 U.S. 266, 271 (1988)). Unfortunately, in this case even the mailbox rule cannot render Thomas's motion timely under Rule 59 because, as Thomas concedes, the earliest date that he delivered the motion to prison officials for mailing was January 8, 2011, while, as noted, a timely Rule 59 motion in this case had to be filed by January 5, 2011. In fact, the Court has not found any case in which a court has

addressed the matter of a Rule 59 motion filed by a prisoner that was untimely as a result of an error

by a clerk of the court.  Nevertheless, the Court is aware that, in a closely analogous context, that of

filing a notice of appeal, delay in filing such a notice occasioned by a court's error, rather than that

of an appellant, generally is considered good cause to extend the time for filing the notice.  *See, e.g.,*

*United States v. Hirsch*, 207 F.3d 928, 929 (7th Cir. 2000).  So too in this case.  The Court sees no

reason to penalize Thomas for delay caused by the Clerk of Court's error.  Also, deeming Thomas's

motion to be timely filed under Rule 59 is consistent with the policy underlying the mailbox rule,

namely, to protect the pro se prisoner litigant, who "has no choice but to entrust the forwarding of

his [court documents] to . . . authorities whom he cannot control or supervise and who may have

every incentive to delay."  *Houston*, 487 U.S. at 271.  Thus, the Court will deem Thomas's motion

to be timely under Rule 59.  This seems particularly appropriate given that the grounds for Thomas's

motion, supposed legal error by the Court in dismissing this case, are cognizable only under Rule 59,

and are not a basis for relief under Rule 60.  *See, e.g., Marques v. Federal Reserve Bank of*

*Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002) ( "A legal error by the district court is not one of the

specified grounds for . . . a [Rule 60] motion.  In fact it is a forbidden ground[.]" ); *Parke-Chapley*

*Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) (that a judgment is mistaken as a

matter of law is not a basis for Rule 60 relief).[1]

---

1.    The Court notes that the issue of whether Thomas's motion for reconsideration of the dismissal
of this case is timely under Rule 59 is one that potentially affects the jurisdiction of the United States
Court of Appeals for the Seventh Circuit in an appeal in this case, given that a timely Rule 59 motion
tolls the time for filing a notice of appeal.  *See Edwards*, 266 F.3d at 757-58 (citing *Life Ins. Co. of*
*N. Am. v. Von Valtier*, 116 F.3d 279, 282 (7th Cir. 1997)).  Naturally, this Court does not expect its
opinion about the timeliness of Thomas's motion under Rule 59 to bind the Seventh Circuit Court of
Appeals, which has an independent duty to evaluate its own appellate jurisdiction.  *See, e.g.,*
*McCarty v. Astrue*, 528 F.3d 541, 544-45 (7th Cir. 2008).

Having determined that Thomas's motion for reconsideration of the Court's dismissal of this case is timely under Rule 59, the Court notes briefly the standard under which it must evaluate a motion to alter or amend a judgment brought pursuant to Rule 59.  A motion to alter or amend a judgment under Rule 59 serves a narrow purpose, namely, to alert a court to matters such as newly discovered evidence or manifest errors of law or fact.  *See Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) ("Motions for reconsideration [under Rule 59] serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.").  "A 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"  *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).  As the Seventh Circuit Court of Appeals has recognized, true manifest errors of law, in which "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension," are "rare[ ] . . . and the [Rule 59] motion to reconsider should be equally rare."  *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).  In general, a Rule 59 motion should not be premised on evidence or arguments that could or should have been presented to a district court prior to the entry of judgment.  *See Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir. 1999); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).  Finally, the decision to grant or deny a Rule 59 motion "is entrusted to the sound judgment of the district court[.]" *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).  With this standard in mind, the Court turns to consideration of Thomas's motion to alter or amend the Court's judgment in this case.

In his Rule 59 motion Thomas argues his claim against McElroy under 42 U.S.C. § 1983 is timely for purposes of the statute of limitations for three reasons:  first, because Thomas is not an attorney, until early June 2010 when Thomas was advised by a fellow prisoner at Pinckneyville that McElroy had violated Thomas's constitutional rights, Thomas was unaware of the constitutional deprivation alleged in this case;  second, until Thomas was advised by his fellow prisoner at Pinckneyville that McElroy had violated Thomas's constitutional rights, previous rejections by the Court of allegations by Thomas of violations of his constitutional rights by McElroy had convinced Thomas that his constitutional claim against McElroy was invalid;  and third, even if Thomas was aware earlier than June 2010 that McElroy supposedly had violated Thomas's constitutional rights, Thomas was not aware until early June 2010 that the alleged constitutional deprivation was actionable under Section 1983.  As was discussed by the Court in its order dismissing this case, claims under Section 1983 that arise in Illinois are governed by a two-year statute of limitations, and the accrual of such claims for limitations purposes is controlled by federal law.  *See Thomas*, 2010 WL 5089824, at *2.  The Court noted also in that order that Section 1983 claims generally accrue "when the plaintiff knows or should know that his or her constitutional rights have been violated."  *Id*. (quoting *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006)).  Concerning Thomas's position that his lack of legal sophistication, as well as previous decisions of the Court rejecting allegations by Thomas of violations of his constitutional rights by McElroy, prevented Thomas's Section 1983 claim from accruing more than two years before the filing of this lawsuit, these arguments are simply nonsense.  Thomas is a veteran jailhouse lawyer who has litigated in this Court, in addition to this case:  a challenge to the constitutionality of his federal sentence under 28 U.S.C. § 2255, which Thomas has prosecuted, through a variety of post-judgment motions

and appeals, for nearly ten years (*Thomas v. United States*, Civil No. 00-4304-JPG (S.D. Ill. dismissed Sept. 4, 2002); a challenge to the constitutionality of his federal sentence under 28 U.S.C. § 2241 (*Thomas v. Hulick*, Civil No. 08-129-MJR (S.D. Ill. dismissed Sept. 19, 2008); a challenge to the constitutionality of his state sentence under 28 U.S.C. § 2254 (*Thomas v. Uchtman*, Civil No. 05-260-JPG (S.D. Ill. dismissed Sept. 18, 2006); and a previous action under Section 1983 (*Thomas v. Duncan*, Civil No. 04-232-MJR (S.D. Ill. dismissed Nov. 10, 2005). As should be clear from Thomas's track record of litigation in this Court, Thomas knows perfectly well when his constitutional rights supposedly have been violated. In fact, Thomas concedes in his Rule 59 motion in this case that the matter of whether McElroy violated Thomas's Fourth Amendment rights by procuring a search warrant through an allegedly perjured affidavit was at issue in both Thomas's Section 2255 proceedings and, as the Court demonstrated exhaustively in its order dismissing this case, Thomas's Section 2241 proceedings. This admission by Thomas shows both that Thomas was on notice of the deprivation of his constitutional rights claimed in this case well over two years before the filing of this case and that prior decisions of the Court regarding Thomas's constitutional claim against McElroy have not deterred Thomas from pressing that claim.[2]

---

2. To the extent that Thomas may be arguing that the statute of limitations on his claim under 42 U.S.C. § 1983 in this case should be deemed to have been equitably tolled due to the Court's rejection of Thomas's constitutional claim against McElroy in earlier proceedings, this argument also is unavailing. Equitable tolling in Section 1983 cases is governed by the law of the state where a claim under the statute arises. *See Shropshear v. Corporation Counsel of City of Chicago*, 275 F.3d 593, 596 (7th Cir. 2001). In Illinois, equitable tolling applies when: "a defendant has actively misled the plaintiff; the plaintiff has, in some extraordinary way, been prevented from asserting her rights in a timely manner; or the plaintiff asserted her rights mistakenly in the wrong forum." *Weatherly v. Illinois Human Rights Comm'n*, 788 N.E.2d 1175, 1180 (Ill. App. Ct. 2003). Ignorance of the law that is remediable through research is not grounds for equitable tolling. *See Griffin v. Willoughby*, 867 N.E.2d 1007, 1016 (Ill. App. Ct. 2006).

Finally, with respect to Thomas's argument that his claim against McElroy under 42 U.S.C. § 1983 did not accrue until Thomas was aware that the claim was actionable under Section 1983, Thomas is obviously mistaken.  A Section 1983 claim accrues at the point "when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996).  *See also Leavell v. Kieffer*, 189 F.3d 492, 495 (7th Cir. 1999) ("Under federal law, the time [for bringing a claim] begins to run when the plaintiff knows that he has been injured."); *Hondo, Inc. v. Sterling*, 21 F.3d 775, 778 (7th Cir. 1994) (stating that a Section 1983 claim "accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action").  Thus, a statute of limitations begins to run when a person has "knowledge of facts that would lead a reasonable person to begin investigating the possibility that his legal rights had been infringed[.]" *LaSalle v. Medco Research, Inc.*, 54 F.3d 443, 446 (7th Cir. 1995).  *See also CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992-93 (7th Cir. 2002) ("[T]he statute [of limitations] begins to run once a plaintiff has knowledge which would lead a reasonable person to investigate the possibility that her legal rights had been infringed.").  In the context of a Section 1983 claim, the Seventh Circuit Court of Appeals has held, "[i]t does not matter whether the plaintiff knows the injury is actionable – he need only know that he has been injured." *Fayoade v. Spratte*, 284 Fed. Appx. 345, 347 (7th Cir. 2008) (citing *Central States Se. & Sw. Areas Pension Fund v. Navco*, 3 F.3d 167, 171 (7th Cir. 1993), *abrogated on other grounds by Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192 (1997)).  In other words, the "claim accrues even though [the] victim does not know he is legally entitled to recover." *Id.* (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004)).  *See also Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010) (quoting *Fayoade*, 284 Fed. Appx. at 347) (for

purposes of accrual of a claim under the statute of limitations, "[i]t does not matter whether the plaintiff knows the injury is actionable – he need only know that he has been injured."); *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002) (stating that a federal claim "accrues when the plaintiff knows both the existence and cause of his injury" and that a claim does not accrue "at a later time when [the plaintiff] also knows that the acts inflicting the injury" can support a cognizable legal claim); *McCool v. Strata Oil Co.*, 972 F.2d 1452, 1465 (7th Cir. 1992) (noting, for purposes of accrual of a claim such as to set in motion the running of a statute of limitations, the "important distinction between discovery of an *injury* and discovery of a *cause of action*") (emphasis in original); *Green v. United States*, 765 F.2d 105, 107 (7th Cir. 1985) (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)) (claims against federal employees for medical malpractice "accrue when a plaintiff has discovered his injury and its probable cause even though he may be ignorant of his legal rights"). As Thomas admits in his motion to alter or amend the judgment in this case, he was aware that McElroy supposedly had violated Thomas's Fourth Amendment rights well over two years before this case was filed, and therefore Thomas's Section 1983 claim accrued over two years before this case was filed. If Thomas learned that the alleged deprivation of his constitutional rights was actionable under Section 1983 at some later time, this is irrelevant to when the claim accrued.

Thus, the Court concludes yet again that Thomas's claim in this case is barred by the statute of limitations. As a final matter, the Court notes that it is well aware of Thomas's penchant for filing seriatim post-judgment motions in cases that have been decided against him. *See, e.g., Thomas v. United States*, No. 00-cv-4304-JPG, 2009 WL 2567885, at *1 (S.D. Ill. Aug. 18, 2009); *Thomas v. United States*, No. 00-cv-4304-JPG, 2005 WL 6567213, at *1 (S.D. Ill. Jan. 25, 2005);

*Thomas v. United States*, No. 00-cv-4304-JPG, 2002 WL 34584520, at *1 (S.D. Ill. Sept. 24, 2002).

Thomas is advised that the Court will not tolerate this practice in this case. Henceforth, any papers that Thomas attempts to file in this case will be screened by the undersigned United States District Judge and, if such papers are found to constitute successive requests for reconsideration by the Court of its dismissal of this case, the papers will be returned to Thomas unfiled by the Clerk of Court. *See Westefer v. Snyder*, Civil Nos. 00-162-GPM, 00-708-GPM, 2011 WL 9135, at **2-3 (S.D. Ill. Jan. 1, 2011) (barring a vexatious prisoner litigant from filing any further papers in a case without prior leave of Court). If Thomas believes that the dismissal of this case is in error, he is welcome to present that theory to the Seventh Circuit Court of Appeals. The Court does not mean to suggest that an appeal by Thomas in this case would be a good idea, or even that, for reasons that the Court already has discussed with respect to the timing of Thomas's Rule 59 motion, such an appeal would be timely. By filing an appeal in this case Thomas would incur an obligation to pay in full the $455 appellate docketing fee, and restrictions might be imposed on Thomas's ability to file new papers in the federal courts of this Circuit if Thomas failed to pay the appellate filing fee (the Court expresses no opinion as to whether the filing of such an appeal might result in sanctions from the court of appeals for bringing a frivolous appeal). *See Taylor v. Watkins*, Civil No. 10-4-GPM, 2010 WL 3303125, at *1 (S.D. Ill. June 25, 2010) (discussing the various financial disincentives faced by a prisoner litigant wishing to pursue an appeal from an adverse judgment). The Court merely wishes to put Thomas on notice that the Court will not entertain further requests for reconsideration of its judgment in this case and that, to the extent Thomas wishes to bring further challenges to that judgment, Thomas must do so in a higher court than this Court.

To conclude, Thomas's "Objection to the Report and Recommendation of Magistrate Judge G. Patrick Murphy in the Instant Cause" (Doc. 7), construed by the Court as a Rule 59 motion to alter or amend a judgment, is **DENIED**.  It is **ORDERED** that henceforth the Clerk of Court shall submit any further papers that Thomas may attempt to file in these proceedings to the undersigned United States District Judge for preliminary review before the papers can be filed.  If the papers are determined by the undersigned District Judge to be an attempt by Thomas to procure reconsideration by the Court of its dismissal of this case, or if the papers otherwise are frivolous or vexatious, the Clerk of Court shall return the papers to Thomas unfiled.  This filing restriction on Thomas does not extend to a notice of appeal from the Court's judgment in this case.

**IT IS SO ORDERED.**

DATED:  January 31, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge