IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES BRUCE THOMAS, )
IDOC # K89065, )
 )
        **Plaintiff,** )
 )
vs. ) CIVIL NO. 10-424-GPM
 )
KEN McELROY, )
 )
        **Defendant.** )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the "Motion to File (If Needed) a Late Compliance to Circuit Rule 10(a)" brought by Plaintiff Charles Bruce Thomas (Doc. 21). Thomas, a prisoner in the custody of the Illinois Department of Corrections who currently is serving a sentence of sixty years' imprisonment at the Pinckneyville Correctional Center for murder, brings this action pro se pursuant to 42 U.S.C. § 1983 for an alleged deprivation of his constitutional rights by a person acting under color of state law. In his complaint in this case Thomas alleges that in 1997 Defendant Ken McElroy, then a detective working for the police department of Mt. Vernon, Illinois, used a perjured affidavit to procure a warrant to search Thomas's residence. In the ensuing search of Thomas's residence, illegal drugs, specifically, so-called "crack" cocaine, and a pistol were found that subsequently formed the basis for an indictment of Thomas in this Court on charges of possessing crack cocaine with intent to distribute it and unlawful possession of a firearm by a felon. In 1999 Thomas was convicted in this Court of possessing crack cocaine with intent to distribute it and sentenced to 300 months' imprisonment, with Thomas's federal sentence to run consecutive to

the sentence Thomas currently is serving in state prison. By order entered December 8, 2010, the Court dismissed this case pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. *See Thomas v. McElroy*, Civil No. 10-424-GPM, 2010 WL 5089824, at **2-3 (S.D. Ill. Dec. 8, 2010). The Court found that it was clear from a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Thomas in this Court in February 2008 that Thomas knew of the alleged deprivation of his constitutional rights by McElroy that forms the basis of this case as of the date the habeas corpus petition was filed (and, most likely, considerably earlier than February 2008). *See id*. at *2. Thus, the Court ruled that this case, filed June 9, 2010, was untimely under the two-year statute of limitations applicable to Thomas's Section 1983 claim against McElroy. *See id*. On December 8, 2010, shortly after entry of the order dismissing this case, the Court entered judgment in this case. On January 31, 2011, the Court denied a request by Thomas to alter or amend the judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On March 7, 2010, Thomas filed a notice of appeal from the Court's judgment in this case.

Thomas now moves pursuant to Rule 10 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit to supplement the record on appeal in this case with an order by United States District Judge Michael J. Reagan entered September 19, 2008, denying Thomas's 2008 habeas corpus petition under 28 U.S.C. § 2241. It appears to the Court first that the instant motion is moot, because Judge Reagan's 2008 order is attached as an exhibit to Thomas's opening brief in his appeal in this case. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (a court can judicially notice public records, such as documents filed in court). Second, under both Rule 10 of the Federal Rules of Appellate Procedure and Rule 10 of the Seventh Circuit Court of Appeals,

a request to supplement the record of an appeal must be made no later than fourteen days after the filing of a notice of appeal or the disposition of a motion of a type enumerated in Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 10(b)(1); 7th Cir. R. 10(a). Thomas filed a motion of a type enumerated in Rule 4 of the Federal Rules of Appellate Procedure, specifically, as already has been noted, a motion to alter or amend the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. As also has been noted, however, the Court denied Thomas's Rule 59(e) motion on January 31, 2011, so that Thomas's motion under Seventh Circuit Rule 10(a) is untimely. Accordingly, Thomas's motion to supplement the record on appeal in this case (Doc. 21) is **DENIED**. Thomas may renew his motion in the Seventh Circuit Court of Appeals. *See* 7th Cir. R. 10(b).[1]

    **IT IS SO ORDERED.**

    DATED: September 20, 2011

                                           /s/ G. Patrick Murphy
                                           G. PATRICK MURPHY
                                           United States District Judge

---

1. The Court notes as a final matter that Judge Reagan's 2008 order seems to have no probative value as to the matter of when Thomas first became aware of his claim under 42 U.S.C. § 1983 against McElroy. In Judge Reagan's order, Judge Reagan simply found that Thomas had an adequate remedy for his habeas corpus claims under 28 U.S.C. § 2255, precluding a petition under 28 U.S.C. § 2241 by Thomas. This does not show that Thomas was unaware of his Section 1983 claim against McElroy prior to the issuance of Judge Reagan's order, and in fact Thomas has admitted on the record in this case that he was aware of his constitutional claim against McElroy as early as 2000, when Thomas brought a motion to vacate, set aside, or correct his federal sentence pursuant to Section 2255. *See* Doc. 7 at 2 ¶ 12.