IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES BRUCE THOMAS, ) | |
| IDOC # K89065, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
| vs. ) | CIVIL NO. 10-424-GPM |
|   ) | |
| KEN McELROY, ) | |
|   ) | |
|   Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the order of the United States Court of Appeals for the Seventh Circuit entered October 20, 2011 (Doc. 23). On December 8, 2010, the Court dismissed this action, which Plaintiff Charles Bruce Thomas, a prisoner at the Pinckneyville Correctional Center ("Pinckneyville"), brings pro se against Defendant Ken McElroy pursuant to 42 U.S.C. § 1983 for an alleged violation of Thomas's constitutional rights by McElroy while McElroy was acting under color of state law; judgment was entered the same day. On January 12, 2011, the Court docketed a document from Thomas styled "Plaintiff's Objection to the Report and Recommendation of Magistrate Judge G. Patrick Murphy in the Instant Case" (Doc. 7). The Court construed Thomas's filing as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and, on January 31, 2011, the Court denied Thomas's filing. *See* Doc. 8. On March 7, 2011, a notice of appeal by Thomas was docketed. *See* Doc. 9. The Seventh Circuit Court of Appeals ruled in its October 20 order that Thomas's purported "objection" to the Court's judgment should have been construed by the Court as a notice of appeal with an implied request for

an extension of time to file a notice of appeal, and remanded the case to this Court for a determination as to whether Thomas's request for an extension of time to appeal should be granted.

As noted, the Court entered judgment in this case on December 8, 2010. Thus, Thomas had thirty days from that date to file a notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). Under the so-called "mailbox rule," a prisoner's legal papers, including a notice of appeal, are deemed to be filed on the date the prisoner delivers the papers to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271 (1988). Unfortunately, in this case Thomas did not deliver his "objection," construed as a notice of appeal, to prison officials for mailing until January 8, 2011, one day after the expiration of the thirty-day deadline for filing a notice of appeal. Under Rule 4 of the Federal Rules of Appellate Procedure, however,

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a)[(1)(A)] expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a)[(1)(A)] expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). In this case, there seems to be no issue of neglect, excusable or otherwise, by Thomas in the belated filing of his notice of appeal. Rather, it appears from the record that Thomas received the Court's order dismissing this case and corresponding judgment on January 8, 2011, and delivered his "objection" thereto, construed as a notice of appeal, to prison officials for mailing the same day. *See* Doc. 7 at 1 ¶ 2, 2 ¶ 7, 5. Therefore, the Court turns to the issue of whether there is good cause in this case to extend the time to file a notice of appeal by one day, until January 8, 2011.

In general, "the standard of 'good cause' applies in situations where the need for the extension [of time to file a notice of appeal] is occasioned by something out of the movant's control[.]" *United States v. Rollins*, No. 05-CR-30133-5-DRH, 2007 WL 3333252, at *1 (S.D. Ill. Nov. 7, 2007) (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004)). *See also United States v. Hirsch*, 207 F.3d 928, 929 (7th Cir. 2000) (suggesting that a clerk of court's failure to perform a "ministerial act whose omission could have serious consequences for a criminal defendant" would be good cause for extending the time for filing an appeal); Fed. R. App. P. 4 advisory committee's note (stating that "[t]he good cause standard applies in situations in which there is no fault – excusable or otherwise," because in some cases, "[i]t may be unfair to make . . . a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all ."). Here it appears that the untimeliness of Thomas's notice of appeal was occasioned by the Court's error rather than by any neglect on Thomas's part: the Clerk of Court mistakenly sent the Court's dismissal order and judgment in this case not to Thomas but to Frank Taylor, a prisoner at the Menard Correctional Center, so that the order and judgment did not reach Thomas at Pinckneyville until January 8, 2011. *See* Doc. 7 at 1 ¶ 2, 2 ¶ 7, 5, 7. Inasmuch as the belatedness of Thomas's notice of appeal is attributable to the Court's error, not Thomas's neglect, the Court finds that there is good cause to extend the time to appeal in this case by one day, to January 8, 2011.[1]

---

1. It should be noted that, while the Court finds that there is good cause to extend the time to appeal in this case, the Court remains persuaded that Thomas's appeal is meritless, given that Thomas's claim against McElroy under 42 U.S.C. § 1983 plainly is barred by the applicable two-year statute of limitations. *See Kalimara v. Illinois Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989). As Thomas concedes, he was aware of his constitutional claim against McElroy as early as 2000, when Thomas filed a petition in this Court pursuant to 28 U.S.C. § 2255. *See* Doc. 7 at 2 ¶ 12.

To conclude, Thomas's January 8 filing (Doc. 7), construed as a notice of appeal and an implied request for an extension of the time to appeal, is **GRANTED**. For good cause shown, the time to appeal in this case is **EXTENDED** by one day, to January 8, 2011.

**IT IS SO ORDERED.**

DATED:  November 18, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge